UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRYANT WHEELER,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:26-CV-634-JD-JEM

OPINION AND ORDER

Bryant Wheeler, a prisoner without a lawyer, filed habeas petition purportedly challenging his parole revocation in Case No. 20D04-2507-F5-183 in which he was convicted of child molestation. According to the petition, the Elkhart Superior Court sentenced him to fifty years of incarceration due to this conviction. On May 24, 2023, he was released on parole, but, on December 17, 2025, the Indiana Parole Board revoked his parole after Wheeler was convicted of the misdemeanor of operating a vehicle without a valid license. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Though Wheeler purports to challenge his parole revocation in Case No. 20D04-2507-F5-183, review of the electronic docket for the State courts[1] strongly suggests that Wheeler has mischaracterized his legal proceedings. To start, Wheeler was convicted of

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

child molestation in Case No. 20D03-9804-CF-40, and his release on parole and subsequent revocation of parole also pertain to this conviction. Case No. 20D04-2507-F5-183 pertains solely to his misdemeanor conviction for operating a motor vehicle without a valid license. Though the misdemeanor offense served as the impetus for both revoking his parole in Case No. 20D03-9804-CF-40 and his misdemeanor conviction in Case No. 20D04-2507-F5-183, they remain separate proceedings.

The claims in the petition indicate that Wheeler seeks to challenge both the parole revocation decision of the Indiana Parole Board in Case No. 20D03-9804-CF-40 and his conviction in Case No. 20D04-2507-F5-183. The court declines to allow Wheeler to challenge the separate decisions of the Indiana Parole Board and the Elkhart Superior Court in a single habeas petition. *See* Rule 2(e) of the Rules Governing Section 2254 Habeas Cases ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of the court."). Consequently, Wheeler may not proceed on this petition, but the court will grant him another opportunity to file an amended petition that identifies which decision he seeks to challenge in this case. The amended petition must also be complete in and of itself without seeking to incorporate prior petitions.

For these reasons, the court:

(1) GRANTS Bryant Wheeler until September 30, 2026, to file an amended habeas petition consistent with this Order; and

(3) CAUTIONS Bryant Wheeler that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on August 28, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT